# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRIS FOLKERS,

    *Plaintiff,*

vs.

    Case No. 14-2515-EFM-JPO

AARON SIMMONS et al,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Chris Folkers has filed suit against John Harvell, a municipal court judge for the City of Merriam, Kansas; Elizabeth Boldt, a prosecutor; five police officers; and an unknown woman. Folkers alleges causes of action arising under the United States Constitution, the Kansas Constitution, and state tort law. Folkers requests a show cause hearing to determine judicial recusal. Folkers's motion is denied because Folkers did not file an affidavit identifying the bias or prejudice necessary to support a recusal nor is there a legitimate reason for recusal.

### I.  Factual and Procedural Background

This matter arises from a traffic stop in which Officer Aaron Simmons gave Folkers a speeding ticket. Folkers appeared in court to dispute the ticket, and the claims he alleges arose from incidents that occurred at the municipal court. Folkers filed a motion for show cause hearing to determine judicial recusal (Doc. 13). In his motion he states, "The Judiciary in this

matter is a judge of a Court. The judiciary in this matter is a member of the BAR of attorneys." He also states he needs to determine if the "judiciary" has any relationships with the Defendants and any biases against him.

## II.     Analysis

There are two statutes that govern judicial recusal, 28 U.S.C. § 144 and 455.[1] Section 144 requires the moving party to file a timely and sufficient affidavit showing bias and prejudice.[2] "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."[3] Here, Folkers has not filed such affidavit, and without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Folkers cannot support a request for recusal under 28 U.S.C. § 144.

For recusal under 28 U.S.C. § 455(a), "the judge is under a continuing duty to ask himself what a reasonable person, knowing all the relevant facts, would think about his impartiality."[4] The Tenth Circuit has stressed that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[5] A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[6] "The statute is

---

[1] *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

[2] 28 U.S.C. § 144.

[3] *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir. 2005) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[4] *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[5] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[6] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[7] That is why courts must exercise caution in considering motions for recusals in order to discourage their use for judge shopping or delay.[8]

Here, Folkers requests a show cause hearing to determine if the "judiciary" has any relationships with the Defendants and any biases against the Plaintiff. This request indicates Folkers has no allegations but instead requests to take the Court's time to make such a determination himself. Folkers suggests in his motion that bar membership of the judges assigned to this case may show partiality, but this is no basis for recusal as it would appear that there would be no judge within the district that could hear the case if recusal was required based solely because of a judge's bar membership.[9] Under § 455, the Court finds that no reasonable person would harbor doubts about the judges' impartiality based on their bar membership.

Therefore, because Folkers has not filed the appropriate affidavit under § 144, and there is not legitimate reason for recusal under § 455, Folkers's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Show Cause Hearing to Determine Judicial Recusals (Doc. 13) is hereby **DENIED**.

---

[7] *Cooley*, 1 F.3d at 993.

[8] *Id.*

[9] *See In re Calzadilla*, 151 B.R. 622 (Bankr. S.D. Fla. 1993) (court denied motion to recuse because the argument that the judge should recuse himself because there were two judges named as defendants in the lawsuit and they were members of the state bar was without merit).

**IT IS SO ORDERED**.

Dated this 27th day of March, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE